Thomas D. Smith, Esquire (ISB No. 8206)
**SPINNER, WOOD & SMITH**
1335 East Center - P.O. Box 6009
Pocatello, Idaho  83205-6009
Telephone:  (208) 232-4471
FAX: (208) 232-1808
Email: tsmith8206@cableone.net

Attorneys for R. Sam Hopkins, Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | | |
|---|---|---|
| In the Matter of: | ) | Case No. 20-40042-JMM |
| | ) | |
| PAULA LYNNE ZIEGLER, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO CONVERT CASE TO CHAPTER 11 AND MOTION TO APPOINT CHAPTER 11 TRUSTEE

COMES NOW R. Sam Hopkins, Trustee, by and through his attorneys, and submits this memorandum to support his Objection to Motion to Convert Case to Chapter 11 and Motion to Appoint Chapter 11 Trustee (Document No. 69 ).

### FACTS

On July 23, 2019, James Scott Morrow, Danielle Morrow, and Morrow Ranch La Quinta, LLC (collectively "Morrows") filed a complaint against several defendants, including the Debtor, in the Superior Court for Riverside County, California, Case No. PSC1905078. (Document No. 40, pp. 2-3.) The lawsuit arises from a $2 million dispute regarding real property the Debtor sold while she was the trustee of her late husband's trust. (Document No. 1, p. 21; Document No. 40, pp. 2-3; Document No. 43, pp. 5-8.) After the Morrow's lawsuit was filed, the Debtor transferred a $450,000 gift to Lagunita Holdings, LLC ("Lagunita Holdings"), a business

entity owned by her son, Roy Ziegler, II ("Ziegler"). (Document No. 37, p. 10.) Then on January 14, 2020, the same day the Debtor filed her bankruptcy petition, the Debtor transferred another $60,000 gift to 308-310 E Deshler, LLC ("Deshler"), another business entity owned by Ziegler. (Document No. 1: Document No. 37, p. 10.)

The Debtor initially filed a bankruptcy petition under chapter 7[1]. The Debtor's schedules indicate she is unemployed and has no income. (Document No. 1, pp. 26, 27, and 31.)

The Debtor has resisted surrendering non-exempt property to the Trustee after filing her bankruptcy petition. The Debtor has refused to surrender non-exempt estate property upon the Trustee's demand which she listed in her bankruptcy schedules. (Document No. 21, p. 2.) The Debtor is also entitled to receive a distribution from her mother's trust, the Margaret Louise Vogelsang Revocable Trust dated September 29, 2006, which the Debtor values at approximately $205,000. (Document No. 37, p. 4.) The Debtor initially listed the anticipated distribution from the Trust in her property schedules as estate property. (Document No. 1, p. 14.) However, the Debtor subsequently amended her schedules to withdraw the anticipated distribution from her mother's trust as estate property presumably based on a spendthrift provision in the trust. (Document No. 37, p. 4.) Ziegler is the trustee of the trust. (*Id*.)

Consequently, the Trustee has been required to initiate legal proceedings against the Debtor, Ziegler, and Ziegler's business entities to recover estate property and to return property to the estate. The Trustee had to file a turnover motion to compel the Debtor to surrender the non-exempt estate property listed in her bankruptcy schedules. (Document No. 21, p. 2.) The Trustee also filed an adversary complaint against Lagunita Holdings and Deshler, Case No. 20-

---

[1]    Unless otherwise noted, all references to statutes are to the Bankruptcy Code at Title 11 of the United States Code, and all references to rules are to the Federal Rules of Bankruptcy Procedure.

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO CONVERT CASE TO CHAPTER 11 AND MOTION TO APPOINT CHAPTER 11 TRUSTEE - 2**

08018-JMM, to recover the gifts they received from the Debtor. (Document No. 42.) Additionally, the Trustee filed an adversary complaint against the Debtor and Ziegler, Case No. 20-08019-JMM, to characterize the Debtor's anticipated distribution from her mother's trust as estate property, and to require the Debtor and Ziegler to surrender the distribution to the Trustee. (Document No. 49.) Ziegler consulted with the Debtor's counsel regarding the pending adversary complaints against him and his business entities, and the Debtor's counsel received a retainer from Ziegler to represent his business entities in Case No. 20-08018-JMM which was returned to Ziegler. (Document No. 57-1, p. 2.)

The Trustee also discovered that the Debtor owns a fifty percent interest in Las Plumas Development Developers, LLC ("Las Plumas"). (Document No. 53, p. 2.) Las Plumas owns and is attempting to sell real property in California. (*Id.*) Terry Hudgens owns the other fifty percent interest in Las Plumas. The Trustee attempted to obtain information from Mr. Hudgens regarding Las Plumas, but Mr. Hudgens failed to respond. As a result, the Trustee filed a Motion for a Rule 2004 Examination to compel Mr. Hudgens to surrender documents regarding Las Plumas and to sit for an examination. (*Id.*) Additionally, the Trustee filed a Motion to Extend Time to Object to the Debtor's Discharge to allow him more time to investigate the Debtor's financial affairs. (Document No. 26.)

On April 7, 2020, the Court granted the Morrows motion for relief from the automatic stay so they could continue to pursue the litigation against the Debtor in California. (Document No. 63.) The Debtor's schedule of unsecured debts lists other debts besides the Morrow's lawsuit, but the lawsuit represents that vast majority of the Debtor's scheduled debt. (Document No. 1, pp. 18-23.)

On April 13, 2020, the Court held a hearing on the Trustee's turnover motion and the motion to extend the discharge objection deadline where the Court granted both motions. (Document No. 64.) During the hearing the Debtor represented that all of her other debts besides the Morrows' lawsuit have been paid. Later the same day, the Debtor filed the Debtor's Motion to Convert Case to Chapter 11 ("Motion to Convert") whereby she asks the Court to convert the case to chapter 11. (Document No. 56.) Despite being unemployed and having no income, the Debtor alleges that she may be a debtor under chapter 11, and she intends to amend her petition to designate her case under subchapter V of chapter 11. (*Id*.)

## ARGUMENT

A debtor may convert a case under chapter 7 to a case under chapter 11 at any time so long as the case has not been previously converted to chapter 7. 11 U.S.C. § 706(a). Nonetheless, a case may not be converted to chapter 11 if a debtor does not qualify to be a debtor under that chapter. § 706(d). Thus, despite the broad authority for a debtor to convert to another chapter under § 706, this section does not prevent a bankruptcy court from taking action to prevent a debtor not entitled to relief under the other chapter from having an opportunity to take action prejudicial to creditors. *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 375 (2007) (applying 11 U.S.C. §§ 706 and 1307(c) to a motion to dismiss or convert a case under chapter 13). Several courts have held that *Marrama* continues to be good law after *Law v. Siegel* because it relies on § 706(d), which is a specific provision of the Bankruptcy Code. *See, e.g., Law v. Siegel*, 471 U.S. 415, 425-26 (2014); *In re Brown*, 547 B.R. 846, 853 (Bankr. S.D. Cal. 2016). *Foster v. Holder (In re Foster)*, 530 B.R. 650, 653-54 (N.D. Tex. 2015). Similarly, despite addressing a chapter 13 case, *Marrama* applies equally to a motion to convert a case from chapter 7 to chapter 11. *Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331, 339 (9th Cir. BAP

2012).

To qualify as a small business debtor under the recently enacted subchapter V, the debtor must be engaged in commercial or business activities, and not less than fifty percent of the debtor's debt must arise from the debtor's commercial or business activities. *In re Deirdre Ventura*, No. 8-18-77193-reg (Bankr. E.D. N.Y. April 10, 2020) (citing § 101(51D)(A)). The purpose of subchapter V is to allow small business debtors "to file bankruptcy in a timely, cost-effective manner, and hopefully allows them to remain in business which not only benefits the owners, but employees, suppliers, customers, and others who rely on that business." *Id.* (internal quotations and citations omitted). "The test for determining whether a debt should be classified as a business debt, rather than as a consumer debt, is whether it was incurred with an eye toward profit . . .." *Id.*

Before subchapter V was enacted, bankruptcy courts have denied motions to convert to chapter 11 when a case met the requirements to dismiss or re-convert a chapter 11 case under § 1112. *See, e.g., In re Hunter*, 597 B.R. 287, 292-93 (Bankr. M.D. N.C. 2019); *In re Woodruff*, 580 B.R. 291, 296-97 (Bankr. M.D. Ga. 2018); *In re Gedda*, No. 6:13-bk-02238-KSJ (Bankr. M.D. Fla. March 24, 2015). Section 1112 applies to cases under subchapter V of chapter 11. § 1181(a). Under § 1112(b)(1), a bankruptcy court shall convert or dismiss a chapter 11 case for cause. Cause exists, among other circumstances, when a debtor has "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." *Woodruff*, 580 B.R. at 297 (citing 11 U.S.C. § 1112(b)(4)(A)); *Hunter*, 597 B.R. at 293.

The rehabilitation prong of this clause "is focused not on the technical issue of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *Gedda*, No. 6:13-bk-02238-KSJ (Bankr. M.D. Fla.

March 24, 2015) (internal quotations and citations omitted). For example, in *Woodruff*, the court denied the debtor's motion to convert to chapter 11 under § 1112(b)(4)(A) when the Debtor had no reliable source of income. *Woodruff*, 580 B.R. at 300. Similarly, in *Hunter*, the court found cause to dismiss a motion to convert to chapter 11 when the debtor's "core motive for conversion is not rehabilitation, but to retain control" of litigation. *Hunter*, 597 B.R. at 296.

The absence of good faith is another reason to deny a motion to convert a case to chapter 11. *Id.* "Courts look for various indicia and patterns that might suggest bad faith though there is no single factor that will necessarily lead to a finding of bad faith." *Id.* at 297. Courts look at the totality of the circumstances and consider both objective and subjective bad faith. *Id.* at 296-97. Objective bad faith has been found when there is no ongoing concern to preserve and no hope of rehabilitation. *Id.*

Subjective bad faith has been found when a debtor files a motion to convert to chapter 11 to "wrangle control" of litigation from a trustee. *Gedda*, No. 6:13-bk-02238-KSJ (Bankr. M.D. Fla. March 24, 2015); *Hunter*, 597 B.R. at 298; *Woodruff*, 580 B.R. at 300. For example, in *Woodruff*, a debtor filed a motion to convert to chapter 11 after the trustee initiated an adversary proceeding against the debtor and a personal representative of a probate estate from which the debtor was entitled to receive a distribution. *Woodruff*, 580 B.R. at 293. Similarly, in *Gedda*, a debtor filed a motion to convert to chapter 11 after a trustee initiated an adversary proceeding against the debtor's wife to recover fraudulent transfers. *Gedda*, No. 6:13-bk-02238-KSJ (Bankr. M.D. Fla. March 24, 2015). In both cases the courts denied the debtors' motions to convert to chapter 11. *Woodruff*, 580 B.R. at 301: *Gedda*, No. 6:13-bk-02238-KSJ (Bankr. M.D. Fla. March 24, 2015).

Furthermore, a bankruptcy court has discretion to appoint a chapter 11 trustee under 11

U.S.C. § 1104(a)(2) in lieu of dismissing a motion to convert to chapter 11 when appointing a trustee is in the best interests of the creditors. *In re Basil Street Partners, LLC*, 477 B.R. 856, 868-69 (Bankr. M.D. Fla. 2012). A bankruptcy court may appoint a chapter 11 trustee on its own without holding an evidentiary hearing. *Fukutomi v. U.S. Trustee (In re Bibo)*, 76 F.3d 256, 259 (9th Cir. 1996). "In determining whether a trustee should be appointed under section 1104(a)(2), in the interests of creditors, courts look to the practical realities and necessities." *In re Euro-American Lodging Corp.*, 365 B.R. 421, 427 (Bankr. S.D.N.Y. 2007) (internal quotations and citations omitted). For example, converting a case to chapter 11 and appointing a chapter 11 trustee is appropriate when a debtor "is a viable business, and its greatest value rests in its continued operation." *Id.* at 425-26. Similarly, appointing an independent chapter 11 trustee for a viable business is appropriate when a debtor has "material conflicts of interest" with his or her fiduciary duty to the estate. *Id.* at 428.

A bankruptcy court may not appoint a chapter 11 trustee under § 1104(a) in a subchapter V. § 1181(a). However, similar to § 1104(a), a bankruptcy court may remove a subchapter V debtor's status as a debtor in possession "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor." § 1185(a). A disinterested trustee may then be appointed when a debtor is removed as a debtor in possession. § 1183(a) and (b)(5).

In this case, the Court should dismiss the Debtor's motion to convert to chapter 11 under § 706(b) because the Debtor does not qualify to be a chapter 11 debtor. The Debtor does not qualify as a small business debtor under subchapter V because she is not engaged in commercial or business activities. To the contrary, the Debtor is not employed and has no income. Additionally, the Morrows' lawsuit represents well over fifty percent of the Debtor's debt, which did not arise from the Debtor's commercial or business activities. To the contrary, the Debtor's

MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO CONVERT CASE TO CHAPTER 11 AND MOTION TO
APPOINT CHAPTER 11 TRUSTEE - 7

purpose of selling the real property was that of a trustee administering her late husband's trust estate. As a result, the Debtor's case does not fall within the purpose of subchapter V because the Debtor is not attempting to remain in business.

Similarly, cause exists to justify converting or dismissing the Debtor's proposed chapter 11 case under § 1112(b) because there is no reasonable likelihood of rehabilitation. Similar to the debtor in *Woodruff*, the Debtor has no reliable source of income. Thus, converting the case to chapter 11 does not promote the Debtor's rehabilitation because there is no ongoing concern to preserve. In other words, the Debtor's case does not have more value for the creditors as an operating business than as a liquidation under chapter 7.

Furthermore, cause exists to convert or dismiss the Debtor's proposed chapter 11 case under § 1112(b) because indicia of bad faith exists. The Debtor wants the Court to convert to chapter 11 despite having no ongoing concern to preserve. However, the Debtor transferred over $500,000 to Ziegler's business entities before she filed her bankruptcy petition, and the Debtor is attempting to keep her anticipated distribution from her mother's trust out of the estate. The Trustee had to initiate adversary proceedings against the Debtor and Ziegler to return this property to the estate. The Debtor has also defied her duty to surrender estate property to the Trustee which resulted in a turnover order. As a result, similar to the debtors in *Woodruff*, *Hunter*, and *Gedda*, the Debtor's primary reason for converting to chapter 11 appears to be to wrestle control of litigation away from the trustee to protect herself, Ziegler, and his business entities. Accordingly, Ziegler's motive in converting to chapter 11 does not appear to be to advance the best interests of her creditors.

Nonetheless, if the Court decides to convert the case to chapter 11, then grounds exist to appoint an independent chapter 11 trustee. As a debtor in possession, the Debtor would have a

fiduciary duty to manage the estate, but material conflicts of interest exist that would interfere with the Debtor's duties to the estate. The Debtor's only creditors, the Morrows, are suing the Debtor in California. If the Morrows obtain a judgment against the Debtor, the Morrows must return to the Court to receive a distribution from the bankruptcy estate to satisfy the judgment. However, as a debtor in possession the Debtor would be responsible for pursuing the adversary proceedings against her and her son, Ziegler, and his business entities from which a distribution to the Morrows would be made to satisfy their claim. Thus, this case is similar to facts in *Gedda* where the trustee initiated an adversary proceeding against the debtor's wife, and the facts in *Woodruff* where the trustee initiated an adversary proceeding against a probate estate from which the debtor was entitled to receive a distribution, where both courts denied the debtors' motions to convert to chapter 11. The Debtor's counsel also consulted with Ziegler and agreed to represent Ziegler's business entities to defend against at least one of the adversary complaints, which further complicates the Debtor's role as a debtor in possession.

Furthermore, the Debtor's conduct suggests that an independent chapter 11 trustee is necessary to preserve the assets for the estate. The Debtor resisted her duty to surrender non-exempt estate property to the Trustee resulting in the Court entering a turnover order. The Debtor's gift transfers to Ziegler's business entities shortly before filing her bankruptcy petition also raise concerns about her desire and ability to exercise her fiduciary duty to her creditors as a debtor in possession. Additionally, the Debtor has tried to keep her anticipated distribution from her mother's trust from entering the estate. Accordingly, if the Court decides to convert this case to a chapter 11 proceeding, then it is in the creditors' best interests to appoint an independent chapter 11 trustee.

CONCLUSION

For the reasons set forth above, the Court should deny the Debtor's Motion to Convert or, in the alternative, grant the Trustee's motion to appoint a chapter 11 trustee.

DATED April 22, 2020.

SPINNER, WOOD & SMITH

By: /s/
Thomas D. Smith

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on April 22, 2020, I served a true and correct copy of the foregoing document as follows:

| | |
|---|---|
| U.S. Trustee<br><br>ustp.region18.bs.ecf@usdoj.gov | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Matthew T. Christensen<br><br>mtc@angstman.com | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Paula Lynne Ziegler<br>1966 North Tatonka Lane<br>Inkom, Idaho 83245 | [x] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[ ] ECF Notice<br>[ ] Facsimile |
| Ron Kerl<br><br>ron@cooper-larsen.com | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ] Facsimile |
| Allan Ickowitz<br><br>aickowitz@nossaman.com | [ ] U.S. Mail, postage prepaid<br>[ ] Hand Delivery<br>[x] ECF Notice<br>[ ]Facsimile |

By: /s/ _____
       Thomas D. Smith

**MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO CONVERT CASE TO CHAPTER 11 AND MOTION TO APPOINT CHAPTER 11 TRUSTEE - 11**